Nash, J.
 

 The action is in trover, to recover the value of a horse belonging to the plaintiff, and alleged to have been converted by the defendant. The defendant, who was a duly qualified officer of Hyde County, justified under process issued by a military Court martial. To sus < tain his defence, he produced a paper writing, purporting tobe a judgment rendered by a company court martial, composed of William Fisher, as acting captain, Major O’Neal, as acting lieutenant, and the ensign of the company, against the plaintiff, for the amount of a fine imposed on him for not attending the preceding muster of
 
 *606
 
 the company, of which he was a member ; a paper writing, purporting to be an execution signed by William Fisher, as captain, to collect from the plaintiff the amount of the judgment, was also offered in evidence by him ; and, after objection, admitted by the Court. By color of this paper, the horse in question was levied on, and sold by the defendant. He also introduced a paper, under seal of the State, purporting to be a commission to Fisher, as captain of the company, and bearing date before the sitting of the court martial, at which the judgment was given, but no commission to either of the other officers, who sat on the court martial, was offered. It was proved by the commanding officer of the regiment, that he had administered the oaths of office to Fisher and O’Neal.— The reception of this testimony was opposed by the plaintiff, but admitted. The plaintiff objected to the reception in evidence of the alleged judgment and execution :
 
 First,
 
 because it did not appear, that the officers comprising the Court martial were commissioned officers and authorized to hold a Court martial.
 
 Secondly,
 
 because it did not appear, that the said officers had been duly qualified by taking and subscribing the oaths required by the Act of the General Assembly.
 
 Rev.
 
 Stat. ch. 73, sec. 31.
 
 Thirdly,
 
 because the judgment was void, the plaintiff never having had any notice of the proceedings against him. To sustain his first objection, he offered to prove, that the com mission to William Fisher, offered in evidence, had been issued in blank and filled up with the name of William Fisher by the commanding officer of the regiment, to which the company belonged, after the conversion by the defendant ; and that Fisher was not duly elected by the company. The Court over-ruled the objection to the commission.
 

 The jury were instructed, that, if the defendant, at the time he took the horse, had in his hands an
 
 execution,
 
 upon its face regular, and issued
 
 by a court martial,
 
 hav*
 
 *607
 
 ing jurisdiction of the subject matter, he would be jus7 tilled: that, in this case, the
 
 execution
 
 appeared upon its face to be regular, and would justify the officer, if they should be of opinion, that the officers of the Court martial were elected by a majority of the company,- and, at the time they rendered the judgment, the ec*
 
 ting
 
 officers of the company.
 

 We do not concur in the above opinion. The error of his Honor consisted, in considering the paper, purporting to be an execution, to be a valid one. The objection is, that it is not an execution, and therefore could confer upon the defendant no authority whatever.
 

 The first and second objections of the plaintiff to the justification, relied on by the defendant, are to the organi. zation of the Court. The}' raise the question, had the in. dividuals, assuming to act as a Court martial, any legal right to perform the duties of such a tribunal? If they had, then his Honor was correct, as to the effect of the execution, in protecting the officer. If not, there was no legal tribunal, and the whole 'pr°ceedings were
 
 coram non judice,
 
 and entirely void. A Court martial is a Court of special and limited jurisdiction, called into existence for a special and limited purpose. It exists only témpora»' rily, and when the business, for which it is called,is transacted, it ceases to exist. Such a Court must be organized agreeably to the law, and this must be shown distinctly by everyone, who seeks to enforce its sentences or to justify action under its precepts — the law will intend nothing in its favor.
 
 Brooks
 
 v.
 
 Adams,
 
 11 Pick. Rep. 441.
 
 Mills
 
 v.
 
 Martin,
 
 19 John. Rep. 7.
 
 Wise
 
 v.
 
 Withers,
 
 3 Crunch 331. In the latter case, Chief Justice Marshall declares, that “the decision of such a tribunal, in a case .clearly not within its jurisdiction, cannot protect the officer, who executes it.” Much more must it fail of such an effect, where, from a defect in
 
 *608
 
 its organization, it fails to be a Court. The Court martial in this case was ordered under the provisions of the act of
 
 1836
 
 — Rev.
 
 Stat.
 
 ch. 73. By the 16th section, “the captain or commanding officer of a company shall muster his men at least twice in the year,” and it is made the duty of every private to attend the musters, under a specified penalty. The 17th section authorises “the
 
 commissioned
 
 officers of the company or any two of them to meet in Court martial, and proceed to try and determine on all cases, that shall be brought before them,” &c. This requisition was not observed in constituting the Court martial in this case. It is stated in the bill of exceptions, that Fisher was the acting captain of the company, and O’Neal the acting lieutenant, and that the Court martial was composed of them and the ensign of the company. Admit that the commission to Fisher was legal, it is not pretended, that either O’Neal or the ensign ever had been commissioned, and it is explicitly stated, that no commission for either of them was produced on the trial. This section of the Act requires, that a company Court martial shall be held by the
 
 commissioned
 
 officers of the company or any two of them. To constitute, therefore, a legal company Court martial, there must be at least two commissioned officers. Here, giving the defendant all that he could ask, (here was but one.
 

 His Honor erred in rejecting the evidence offered by the plaintiff, to show, that the commission to Fisher was issued in blank and filled up after the conversion. The evidence rejected is to be regarded
 
 pro hac vice
 
 as true. Without enquiring into the objection, that the commission issued in blank, here it was shown, that the blanus were not filled until after the conversion; and proves con clusively that the Court was not organized according to law.
 

 There is nothing in the third objection, of the plaintiff. No personal notice to the plaintiff of the time of the trial
 
 *609
 
 was, under the Act of 1836, necessary. The 32nd section provides, that the calling of the names of the delinquents or absentees by the captain or commanding officer, and the proclamation made for their attendance at the succeeding Court martial, shall be sufficient notice. This provision is a strong reason for holding Court martials, in their organization, to a strict compliance with the law.
 

 For the errors pointed out in the opinion of his Honor, the judgment must be reversed and a
 
 venire do novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 a. venire de nova